UNITED STATES of America,
Plaintiff–Appellee,

v.

Shanta A. HOWELL and George T. Howell, III, Defendants–Appellants.

Nos. 93–1307, 93–2139.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 12, 1994.

Decided Oct. 6, 1994.

Revised Opinion Issued Oct. 12, 1994 *.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 21, 1994.

---

12. In a memorandum submitted to the district court, the defendant acknowledged that the disposition of his case had been the subject of an agreement and that he was aware of the disposition before the proceeding.

\* This opinion is an amended version of the opinion originally issued on October 6, 1994. It was released in typescript form in order to expedite proceedings.

James A. Shapiro, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Div., Chicago, IL, and Barry Rand Elden, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

Kent R. Carlson and Gary J. Ravitz, Chicago, IL, for defendants-appellants.

RIPPLE, Circuit Judge, in chambers.

The convictions of the appellants were affirmed by a panel of this court on August 15, 1994. This matter is now before me on the motion of the appellants requesting an order that their appointed counsel be required to file petitions for rehearing and suggestions for rehearing en banc. The appellants further request that the court order counsel to file petitions for a writ of certiorari in the Supreme Court of the United States in the

event that they are afforded no relief in this court.

■ The obligations of appointed counsel at issue here are governed by the following provisions:

In relevant part, 18 U.S.C. § 3006A(c) provides:

**Duration and substitution of appointments.** A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings.

Further, 18 U.S.C. § 3006A(d)(6) provides:

**Proceedings before appellate courts.** If a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a) of title 28.

Rule 44(a), Fed.R.Crim.P., provides:

**Right to Assigned Counsel.** Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent that defendant at every stage of the proceedings from initial appearance before the federal magistrate judge or the court through appeal, unless the defendant waives such appointment.

Circuit Rule 4 states:

Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal unless specifically relieved by the court of appeals upon a motion to withdraw for good cause.

These authorities make it clear that the defendant in a direct criminal appeal has the right to have the continued representation of appointed counsel throughout the course of the appeal, including the filing of post-opinion pleadings in the court of appeals and the filing of a petition for certiorari in the Supreme Court of the United States. *Wilkins v. United States,* 441 U.S. 468, 99 S.Ct. 1829, 60 L.Ed.2d 365 (1979) (per curiam); *Schreiner v. United States,* 404 U.S. 67, 92 S.Ct. 326, 30 L.Ed.2d 222 (1971) (per curiam); *Doherty v. United States,* 404 U.S. 28, 92 S.Ct. 175, 30 L.Ed.2d 209 (1971) (per curiam). *See also* Report of the Proceedings of a Special Session of the Judicial Conference of the United States, 36 F.R.D. 282, 291 (1965).

■ Our plan under the Criminal Justice Act reads in pertinent part:

After an adverse decision on appeal by this Court, appointed counsel shall advise the defendant in writing of his right to seek review of such decision by the Supreme Court of the United States. If, after consultation (by correspondence, or otherwise), it is deemed advisable to seek such review, the appointed attorney shall, if requested in writing, prepare and file a petition for writ of certiorari and other necessary and appropriate documents in connection therewith, and shall thereafter continue to represent the defendant until relieved by the Supreme Court.

The Plan of the United States Court of Appeals for the Seventh Federal Circuit to Supplement the Plans of the Several United States District Courts Within the Seventh Circuit, § V.3 (1971). The phrase "If, after consultation ... it is deemed advisable" must be read as tempering the statutory duty of counsel by the duty on all lawyers, as officers of the court, to refrain from the filing of frivolous pleadings. *See United States v. Edwards,* 777 F.2d 364, 365 (7th Cir.1985) (discussing *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)) ("A lawyer, after all, has no duty, indeed no right, to pester a court with frivolous arguments, which is to say arguments that cannot conceivably persuade the court, so if he believes in good faith that there are no other arguments that he can make on his client's behalf he is honor-bound to so advise the court and seek leave to withdraw as counsel.").

■ Whether a particular filing in a case is frivolous depends, of course, on the nature of the document and the circumstances under which it is filed. In this case, it cannot be said that the filing of a petition

**1210**

for rehearing would necessarily be frivolous. Nor am I prepared to say that the filing of a petition for a writ of certiorari would necessarily be so characterized.

■ Appointed counsel for Mr. Howell in this case may well have been misled by the ambiguity in the wording of the Criminal Justice Act plan. I do not believe that failure to withdraw ought to be considered sanctionable conduct. Counsel for Ms. Howell has represented to this court that he advised his client of her options and that she did not indicate a desire to proceed. The documents before the court indicate that counsel for Ms. Howell consulted with co-counsel at one point after the rendition of the court's decision and there is the possibility that the Howells were under the impression that the communication from Mr. Howell's attorney pertained to both cases. In order to ensure that the rights of both defendants are protected, the ends of justice do require that the mandate be recalled in each case and new counsel be appointed for each of the appellants. Counsel may then determine whether to file, within fourteen days, a petition for rehearing in this court or immediately to seek review in the Supreme Court of the United States. *See* 28 U.S.C. § 2101(c); S.Ct.Rules 13.1, 13.4. Again, I stress that this action, which well may have been a misunderstanding or a failure to communicate ought not be considered as an adverse reflection on appointed counsel.

Accordingly, it is ordered that the mandate of this court be recalled and that new counsel be appointed to represent the appellants under the Criminal Justice Act.