UNITED STATES of America, Plaintiff,

v.

Dean S. VLAHOS, et al., Defendants.

No. 93 CR 360.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 7, 1995.

---

James B. Burns, U.S. Atty., Marsha A. McClellan, Asst. U.S. Atty., Chicago, IL, for U.S.

Dean S. Vlahos, pro se.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Defendant Dean Vlahos ("Vlahos") was charged with criminal contempt for violating a court order requiring him to discontinue engaging in certain advertising practices without first posting a performance bond. After a contempt hearing on December 8, 1994, this Court found Vlahos in contempt for violating the order. Vlahos now raises numerous post-trial motions challenging this judgment. First, Defendant moves this court to vacate the order discharging standby counsel pursuant to 7th Circuit Rule 4 and *United States v. Howell,* 37 F.3d 1207 (7th Cir.1994). Second, Defendant moves this court for acquittal, or in the alternative for a new trial. Defendant's motion for acquittal is based on his contention that the evidence was insufficient to establish a violation of the order or to establish contumacious intent beyond a reasonable doubt. Defendant's motion for a new trial rests on his belief that his Fifth and Sixth Amendment Rights have been violated. Third, Defendant moves this court for an arrest of judgment pursuant to Fed.R.Crim.P. 34 alleging that this Court lacked jurisdiction to hold the contempt hearing. For the following reasons, we deny all of Defendant's post-trial motions.

## BACKGROUND

On June 28, 1991, the Federal Trade Commission ("FTC") filed a Complaint against Defendants Dean Vlahos and U.S. Sales Corporation ("U.S. Sales") based on evidence that Defendants were engaging in unfair and deceptive advertising practices. The Defendants were using radio and television commercials to advertise, among other things, ways to purchase cars that had been confiscated and repossessed by the government.

On January 31, 1992, the district court entered summary judgement on behalf of the FTC and against Defendants on Counts II and III of the Complaint. The court held that the advertisements at issue constituted unfair and deceptive practices and granted a permanent injunction and consumer redress in excess of nine million dollars. The court ordered the parties to submit proposed orders for the entry of permanent injunction.

On February 28, 1992, the court entered an order which prohibited certain practices, required the posting of a bond and provided for a money judgment. The court's order required the Defendants to discontinue "engaging or practicing, directly or in concert with others, advertising in the media of any automobile auction or credit card information service unless they first obtain a performance bond in the principal sum of Seventy–Five Thousand Dollars ($75,000)." The order also required the Defendants to "provide a copy of such performance bond to the Director of the Chicago Regional Office of the Federal Trade Commission ... prior to the commencement of any business for which the bond is required."

On September 29, 1992, a petition was filed for a rule to show cause why the Defendants should not be held to answer criminal contempt charges for violating the court order entered on February 28, 1992. Judge Shadur entered an order granting the rule to show cause on October 30, 1992. Judge Shadur also ruled that the Defendants' alleged violation of the order was not excused or permitted because the order was not on its face "transparently invalid."

In June 1994, the Defendant moved to disqualify the assigned Assistant United States Attorney. Judge Duff granted the motion and further disqualified the entire Department of Justice for what he perceived to be a conflict of interest between the Justice Department and the FTC. The United States appealed Judge Duff's decision to the Seventh Circuit. On August 24, 1994, the Court of Appeals reversed the district court's decision and remanded the matter to another district judge for trial. This Court was later assigned to preside over the trial.

On December 6, 1994, this court considered certain pre-trial motions and then presided over the presentation of evidence.

Pursuant to an agreement between the parties, the evidence was presented by stipulation to preserve for appeal the issue of whether the original order was lawful. The Defendants were then convicted of criminal contempt and sentenced.

On December 21, 1994, Vlahos filed a motion to vacate the order discharging standby counsel, a motion for acquittal, a motion for a new trial, and a motion for arrest of judgment.

## DISCUSSION

### I. Responsibility of Standby Counsel

■ The Defendant moves this court to vacate the order discharging standby counsel pursuant to 7th Circuit Rule 4 and *United States v. Howell,* 37 F.3d 1207 (7th Cir.1994). Circuit Rule 4 requires that "trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal unless specifically relieved by the court of appeals upon a motion to withdraw for good cause." Cir.R. 4. The Seventh Circuit in *United States v. Howell* held that a "defendant in a direct criminal appeal has the right to the continuous representation of appointed counsel," even when filing a petition for certiorari. *Id.* at 1209.

While Circuit Rule 4 and *United States v. Howell* clearly explain the responsibilities of appointed counsel in a criminal case, they do not support the Defendant's argument because he was not represented by appointed counsel at trial. Instead, the Defendant represented himself pro se with the assistance of standby counsel.

■ The "appointment of standby counsel is a well-recognized safeguard when a defendant elects to proceed pro se." *United States v. Moya–Gomez,* 860 F.2d 706, 740 (7th Cir.1988). The legal role of standby counsel is "merely to be available in case the court determines that the defendant is no longer able to represent himself or in case the defendant chooses to consult an attorney." *United States v. Windsor,* 981 F.2d 943, 947 (7th Cir.1992). There are critical differences between the two roles. Specifically, an appointed counsel is acting as the

attorney for a client and is responsible for all filings, memoranda, and motion practice. Unlike appointed counsel, standby counsel is merely available to the self-represented individual who chooses to go before the court as his own attorney. A court may appoint a standby counsel in the interest of protecting a pro se litigant from inadvertently and critically jeopardizing his or her position before the Court. Therefore, it is within the court's discretion and the interest of justice that a standby counsel is appointed. In keeping with this critical distinction, the standby counsel can be provided or dismissed at the discretion of the court.

Therefore, this Court's decision to dismiss Defendant's standby counsel was not an abuse of discretion. In addition, the dismissal in no way precludes the Defendant from requesting standby counsel at the appellate level. For these reasons, we deny the Defendant's motion to vacate the order discharging standby counsel.

### II. Motion for New Trial

■ The Defendant has also petitioned this court for an acquittal, or in the alternative for a new trial. The Defendant argues that he should be acquitted because the evidence was insufficient to establish a violation of the order or to establish contumacious intent beyond a reasonable doubt.

The Defendant first asserts that in a contempt proceeding a court cannot expand a decree "by implication or intendment beyond the meaning of its terms." *Terminal R. Asso. v. United States,* 266 U.S. 17, 29, 45 S.Ct. 5, 8, 69 L.Ed. 150 (1924). He then asserts that the court expanded the injunction to include all automobile auction services, instead of automobile auction *information* services. However, after a complete review of all of the evidence at trial the Court finds this argument purely semantic. The Defendant, in effect, placed advertisements for the same services the order prohibited, and merely used different wording.

■ In order to sustain a finding of criminal contempt it must be proven that: "(1) the court entered a lawful order of reasonable specificity; (2) the order was violated; and

(3) the violation was willful." *In the Matter of Betts,* 927 F.2d 983, 988 (7th Cir.1991), *reversed on other grounds, Betts v. United States,* 10 F.3d 1278 (7th Cir.1993). In this case Vlahos was ordered not to participate in advertising automobile auctions or credit card information services unless he first obtained a $75,000 performance bond. The Government has proven that the Defendant willfully violated this order by placing multiple advertisements for automobile information services in the Virginian–Pilot without posting a performance bond. Therefore, sufficient evidence has been shown to establish all elements of criminal contempt, including violation of the order and willfulness of such violation beyond a reasonable doubt. In light of this evidence, we deny the Defendant's motion for an acquittal.

■ In the alternative, the Defendant argues that he is entitled to a new trial because his Fifth and Sixth Amendment rights have been violated. Vlahos contends that the court's refusal to modify an assets freeze to allow him to retain counsel forced him to proceed pro se.

However, those who are unable to afford counsel can obtain court-appointed counsel merely by following established procedures. 28 U.S.C. § 1915 provides:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, ... without prepayment of fees and costs ... by a person who makes an affidavit that he is unable to pay such costs or give security therefore ...

28 U.S.C. § 1915(a). The petitioner must also show that he will suffer substantial economic hardship if the application is denied. *Zaun v. Dobbin,* 628 F.2d 990 (7th Cir.1980).

The Defendant did not follow these procedures and thereby has failed to satisfy the court of his indigence. In addition, compelling evidence exists to question the Defendant's claim of indigence, including: the Defendant's frequent airline trips to Chicago from Connecticut, his use of messenger services, his computerized legal research expenses, and his orders for expedited transcripts.

■ We further note, that even if Vlahos were able to demonstrate indigence within the meaning of the statute, he must also pass another standard for appointment of counsel. There is no fundamental premise that indigent civil litigants have a statutory or constitutional right to be represented by counsel. *McKeever v. Israel,* 689 F.2d 1315 (7th Cir.1982). We may, however, in our discretion request counsel to represent such litigants in certain circumstances. *Jackson v. County of McLean,* 953 F.2d 1070 (7th Cir.1992). Certain factors have been delineated by the Seventh Circuit in *Maclin v. Freake,* 650 F.2d 885 (7th Cir.1981), which enable a court to assess whether the specific case pending before it merits the appointment of counsel. Those factors, however, will not be considered until a threshold inquiry has been made into the indigent's efforts to secure counsel. *Jackson,* 953 F.2d at 1073. If the indigent petitioner has made no efforts to secure counsel, the Seventh Circuit instructs us to deny the § 1915(d) motion. *Id.* The record is void of any efforts by Vlahos to seek appointment of counsel or to proceed in forma pauperis. Further, the Court afforded Vlahos the opportunity to proceed with a stand-by attorney and given that the contempt proceeding did not entail any difficult areas of law, appointed counsel was not mandated. In fact, the only task required of Vlahos at the contempt proceeding was to present to the Court his position as far as the ads in the Virginia Pilot were concerned.

The Defendant's interests were protected throughout the pendency of the contempt matter, during which time the Defendant did not seek to officially alter the representation arrangement ordered by the court. Standby counsel was available to provide assistance and to ensure the protection of the Defendant's Fifth and Sixth Amendment rights. Therefore, we deny the Defendant's motion for a new trial based on his claim that his Constitutional rights have not been violated.

### III. Motion for an Arrest of Judgment

■ The Defendant has also moved this court for an arrest of judgment based on this Court's alleged lack of jurisdiction over the

contempt proceeding pursuant to Fed. R.Crim.P. 34 ("Rule 34"). Rule 34 provides:

> The court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense or if the court is without jurisdiction of the offense charged. The motion in arrest of judgement shall be made within 7 days after the verdict or finding of guilty[1] . . .

Fed.R.Crim.P. 34.

The Defendant asserts that under 18 U.S.C. § 401(3): a court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as . . . (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command." The Defendant argues that because the issuing court's order was not lawful, this Court lacked jurisdiction to find contempt.

■ However, the Defendant's belief in the unlawfulness or invalidity of the order, alone, is not a defense to his violation of the order. The Seventh Circuit has noted that "it is well settled that the invalidity of a court order is not generally a defense in a criminal contempt proceeding alleging its disobedience." *United States v. Seale*, 461 F.2d 345, 361 (7th Cir.1972).

In addition, as this court cited at trial, the Supreme Court has held that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *U.S. v. United Mine Workers*, 330 U.S. 258, 293–4, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947).

Although Vlahos argues that the issuing court did not have subject matter jurisdiction to enter the injunction, the Federal Trade Commission's civil lawsuit was brought under Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b). This statute clearly states that "the Commission . . . may bring suit in a district court of the United States to enjoin any such act or practice" that violates "any provision of law enforced by the Federal Trade Commission." 15 U.S.C. § 53(b). The statute also clearly allows for the issuance of a "permanent injunction." 15 U.S.C. § 53(b). This statutory language clearly negates Vlahos' contention that the court lacked subject matter jurisdiction.

The Defendant's additional contention that the district court could not render a final judgement on the merits has been rejected by all courts who have considered the issue, including the Seventh Circuit. The Federal Trade Commission Act permits the Commission to forego administrative proceedings and, instead, seek both preliminary and permanent injunctive relief from the district court. *See, e.g., FTC v. Amy Travel Service Inc.*, 875 F.2d 564, 571–72 (7th Cir.1989), *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1026 (7th Cir.1988); *United States v. JS & A Group, Inc.*, 716 F.2d 451 (7th Cir.1983).

■ Finally, the Defendant argues that even if the district court had jurisdiction, his criminal contempt conviction should be dismissed as inconsistent with the First Amendment. Although the First Amendment protects speech, there are limits to the speech that is protected. The First Amendment does not protect various forms of deceptive advertising, and allows courts to provide remedies for misleading speech so long as they are "reasonably necessary to the prevention of future deception." *Harry & Bryant Co. v. FTC*, 726 F.2d 993, 1001–1002 (4th Cir.), *cert. denied*, 469 U.S. 820, 105 S.Ct. 91, 83 L.Ed.2d 37 (1984).

In order to prevent the Defendant from engaging in future deceptive advertising, the order required him to obtain a performance bond and provide a copy of the bond to the Commission. These requirements represented a reasonable means of remedying and preventing the Defendant from engaging in further unlawful practices. Furthermore, in response to a commercial speech challenge to

---

**1.** The Defendant failed to meet the seven day time period within which he may move this Court to arrest judgement. The Court entered its verdict on December 6, 1994, and the Defendant filed his post-trial motions on December 21, 1994. Although the Court recognizes this fatal defect, the Court has chosen to address the issue substantively in order to demonstrate that the argument has no merit even if it were to proceed.

a remedial order, the Supreme Court has held that "while the resulting order may curtail the exercise of liberties that the Society might otherwise enjoy, that is a necessary, and in cases such as this, unavoidable consequence of the violation." *National Soc. of Professional Engineers v. United States,* 435 U.S. 679, 696–699, 98 S.Ct. 1355, 1368, 55 L.Ed.2d 637 (1978). The Court therefore denies Defendant's motion to arrest judgement based on findings that this Court did not lack jurisdiction to enter the contempt conviction and because the Defendant filed his motion after the statutory period allowed under Rule 34.

### CONCLUSION

The Court denies all of the Defendant's post-trial motions for the reasons stated above.