**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued February 25, 2005
Decided November 22, 2005

Before

Hon. WILLIAM J. BAUER, Circuit Judge

Hon. RICHARD A. POSNER, Circuit Judge

Hon. KENNETH F. RIPPLE, Circuit Judge

No. 03-3780

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| Plaintiff-Appellee, | |
| v. | No. 01 CR 98 |
| TERRAUN PRICE, also known as BOO ROCK, | **James T. Moody**, *Judge.* |
| Defendant-Appellant. | |

O R D E R

Terraun Price was convicted of conspiracy to distribute 50 grams or more of cocaine base and of use of a telephone to facilitate a drug conspiracy. After determining the amount of cocaine attributable to Mr. Price, and the resultant offense level, the district court sentenced Mr. Price to life imprisonment in

accordance with the then-mandatory United States Sentencing Guidelines.  Mr. Price appealed his conviction and sentence.

This court affirmed Mr. Price's conviction, but noted that the district court "had based Mr. Price's sentence on supplemental facts neither admitted by Mr. Price nor proven to the jury beyond a reasonable doubt," *United States v. Price*, 418 F.3d 771, 786 (7th Cir. 2005); the sentence, therefore, violated Mr. Price's Sixth Amendment right to a jury trial.  *See United States v. Booker*, 125 S. Ct. 738 (2005).  In order to determine whether Mr. Price's sentence constituted plain error, we remanded to the district court pursuant to *Paladino v. United States*, 401 F.3d 471 (7th Cir. 2005), for a determination of whether the district court would have imposed a different sentence on Mr. Price had the court not been bound to sentence Mr. Price within the applicable guideline range.

Pursuant to our remand order, the district court requested statements from the parties concerning the propriety of the sentence.  The Government argued that, given the serious nature of the crime involved, Mr. Price's sentence was appropriate.  Mr. Price countered that, in calculating his new sentence, the district court should be limited to only those facts found by the jury.  The district court believed that the approach suggested by Mr. Price was inconsistent with the approach outlined by the Supreme Court in *Booker*:  "[T]he procedure allowed by the *Booker/Fanfan* remedy . . . is for the court to engage in factfinding to calculate a Guidelines-recommended sentence, but then to consider that recommendation along with the other . . .  Factors as required by 18 U.S.C. § 3553(a) in order to impose a reasonable and just sentence." Memorandum and Statement on Limited Remand as to Resentencing (October 6, 2005) at 2.  The district court then stated that, in light of the information it had concerning both Mr. Price and the crime he committed, and after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), it would have imposed the same sentence on Mr. Price had it known the Guidelines were merely advisory.

*Booker* instructs us to review the district court's sentencing determination for reasonableness.  *Booker*, 125 S. Ct. at 767.  However, *Booker* also anticipates that, in arriving at a sentence, district courts will continue to look to the Guidelines in reaching appropriate sentences.  *See id.*  We have recognized that "[t]he Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytuik*, 415 F.3d 606, 608 (7th Cir. 2005).  Thus, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Id.* Under this deferential standard, a defendant "can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in [28 U.S.C. ] § 3553(a)." *Id.*  Theoretically, a sentence within the applicable guideline range can be unreasonable, but we have recognized that "it will be a rare" occurrence.  *Id.*

　　　In the present case, Mr. Price does not claim that the district court's calculation of his sentence under the Guidelines is incorrect.  Furthermore, Mr. Price has not argued that, considering the factors set forth in § 3553(a), his sentence is unreasonable.  Indeed, it would be difficult to do so.  Mr. Price was a leader of a conspiracy to distribute cocaine in Gary, Indiana; his involvement lasted several years and, during that time, he played several roles:  he prepared the drugs for sale, he distributed the drugs to the street dealers, and he watched the neighborhood for law enforcement presence.  Because Mr. Price has not rebutted the presumption of reasonableness, we affirm the district court's imposition of a life sentence.

AFFIRMED