# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-4736

CLYDE B. WILLIAMS,

*Petitioner-Appellant*,

*v.*

BYRAN BARTOW,

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05 C 89—**William C. Griesbach**, *Judge.*

———————

ON MOTION FOR APPOINTMENT OF COUNSEL

———————

JUNE 21, 2007[Œ]

———————

RIPPLE, *Circuit Judge* (in chambers).  Clyde Williams has filed a motion for the appointment of counsel to assist him in the preparation of his petition for certiorari to the Supreme Court of the United States. Because this court's plan for furnishing representation under the Criminal Justice Act of 1964 imposes certain responsibilities on appointed counsel in this respect, I ordered appointed

———————

[Œ] This chambers opinion was released initially in typescript form.

counsel to reply to the motion. For the reasons set forth in this chambers opinion, I now deny the motion.

Petitioner Clyde Williams was convicted in Wisconsin state court of three counts of first-degree sexual assault of a child. After unsuccessfully pursuing his state court direct appeal, he filed a petition for habeas corpus in the United States District Court for the Eastern District of Wisconsin. The district court denied relief, and on March 20, 2007, this court affirmed. *See Williams v. Bartow*, 481 F.3d 492 (7th Cir. 2007). On appeal, Mr. Williams argued that (1) he was placed twice in jeopardy on certain offenses after the district court granted a mistrial and he was retried, (2) the prosecutor vindictively prosecuted him by adding new charges for a separate crime when Mr. Williams refused to enter into a plea agreement after he gained a new trial on appeal, and (3) his right to a speedy trial was violated by substantial delays during his final trial. This court, relying on established precedent, affirmed the district court on all points. In his current motion, Mr. Williams only asks this court to appoint new counsel to file a petition for a writ of certiorari.

In response to this court's order, his attorney has filed a statement advising the court that he believes there are no reasonable grounds for a petition for a writ of certiorari. Counsel represents that he wrote a letter to Mr. Williams explaining that he did not believe the Supreme Court of the United States would grant certiorari in Mr. Williams' case. The letter further described Mr. Williams' right to file the petition on his own or to motion this court to appoint new counsel to file a petition for him. Finally, the letter invited Mr. Williams to contact counsel if he had any questions.

The Seventh Circuit Plan for furnishing representation under the Criminal Justice Act of 1964 requires an ap-

pointed attorney to advise the defendant in writing of his right to seek review by the Supreme Court. *See* Seventh Circuit Plan, V.3. If, after consultation, the defendant so requests and there are reasonable grounds for counsel properly to do so, the attorney must prepare and file a petition for a writ of certiorari. *Id*. If counsel determines that reasonable grounds for filing a petition do not exist, counsel must promptly inform the defendant and the defendant may file a motion asking this court to direct counsel to seek certiorari. *Id*.; *see also United States v. Howell*, 37 F.3d 1207 (7th Cir. 1994) (Ripple, J. in chambers).

Counsel's response demonstrates that he has fulfilled his duties under the Plan. Counsel points out that Mr. Williams' case did not involve either a division among the federal circuits on an important issue of law, a new issue of federal law on which the Supreme Court has not ruled or an implausible interpretation of the Constitution or a federal statute. While these factors are not the only ones that the Supreme Court might consider in determining to grant certiorari, *see* Supreme Court Rule 10, it is clear that, under the circumstances of this case, counsel's advice fulfilled his responsibility of assessing the merits of the case and advising his client of whether there are reasonable grounds for seeking a writ of certiorari. Although this court has the authority to direct counsel to file a petition for certiorari, *see* Seventh Circuit Plan, V.3, there is certainly no basis for such action here. Notably, Mr. Williams does not indicate what arguments he would like counsel to raise in a petition for certiorari.

Under these circumstances, there is no sound basis for the appointment of new counsel, and Mr. Williams' motion for the appointment of counsel must be denied.

MOTION DENIED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*