# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-3780

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

TERRAUN PRICE, also known
as BOO ROCK,

*Defendant-Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 01 CR 98—**James T. Moody**, *Judge.*

_____

ON MOTION FOR APPOINTMENT OF COUNSEL

_____

JULY 3, 2007[Œ]

_____

   RIPPLE, *Circuit Judge* (in chambers).   Terraun Price has
filed a motion for the appointment of counsel to assist him
in filing a petition for certiorari in the Supreme Court of
the United States, seeking further review of the judgment
of this court. *See United States v. Price*, 418 F.3d 771 (7th Cir.

---

[Œ] This chambers opinion was released initially in typescript form.

2005), and *United States v. Price*, 155 F. App'x 899 (7th Cir. 2005). For the reasons set forth in this chambers opinion, the mandate of this court is recalled and new counsel is appointed to assist Mr. Price in filing a petition for certiorari in the Supreme Court of the United States.

### A.

A jury found Terraun Price guilty of conspiring to distribute 50 grams or more of cocaine base and of using a telephone to facilitate the commission of a felony. *Price*, 418 F.3d at 775. The district court sentenced him to life imprisonment. We affirmed Mr. Price's conviction, but ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 480-81 (7th Cir. 2005). After the district court indicated that it would have imposed the same sentence had it known that the Guidelines were merely advisory, we affirmed Mr. Price's sentence. *Price*, 155 F. App'x at 900.

Mr. Price subsequently filed a motion seeking relief from his criminal judgment pursuant to 28 U.S.C. § 2255 in the Northern District of Indiana, Hammond Division. In that motion, Mr. Price raised the claim that his appellate counsel was ineffective when he failed to file a petition for a writ of certiorari asking the Supreme Court to review our affirmance of his conviction. The district court stayed further consideration of the § 2255 motion to allow Mr. Price to ask this court to recall its mandate in the direct criminal appeal and to appoint counsel to file a petition for a writ of certiorari. Mr. Price then filed his motion in this court, and I directed that his appointed appellate counsel respond.

Although Mr. Price does not have a constitutional right to counsel while seeking certiorari, *Ross v. Mofitt*, 417 U.S. 600, 617 (1974), he does have a statutory right based on the Criminal Justice Act, 18 U.S.C. § 3006A. *Wilkins v. United States*, 441 U.S. 468, 469 (1979) (per curiam). *See also United States v. Howell*, 37 F.3d 1207, 1209 (7th Cir. 1994) (Ripple, J., in chambers). Indeed, the Seventh Circuit Criminal Justice Act Plan requires an appointed attorney to prepare and to file a petition for a writ of certiorari if, after consultation, the represented person requests it and there are reasonable grounds for counsel properly to do so. *See* Seventh Circuit Plan, V.3. If counsel concludes that reasonable grounds do not exist, counsel must promptly inform the defendant, and the defendant may request this court to order counsel to seek certiorari. *Id*.

In *Wilkins*, the Supreme Court examined the proper remedy for a defendant whose court-appointed attorney had failed to file a timely petition for writ of certiorari despite a defendant's written request. The Court concluded that such a defendant can file a motion for appointment of counsel in the court of appeals and that the court, in response, "could have vacated its judgment affirming the convictions and entered a new one, so that this petitioner, with the assistance of counsel, could file a timely petition for certiorari." *Wilkins*, 441 U.S. at 469. In *Howell*, I recalled a mandate and appointed new counsel to determine whether to file a petition for rehearing or a petition for a writ of certiorari. 37 F.3d at 1210.

**B.**

The record before me raises a very serious question as to whether Mr. Price was afforded his statutory right to

the assistance of counsel. In a letter dated December 7, 2005, his appointed appellate counsel, commenting on our final order following the district court's reply to the *Paladino* remand, wrote that "[t]he next step would be to file a writ of certiorari to the United States Supreme Court, your last bastion of hope for reversal of the Trial Courts (sic) sentence. We will begin the process and let you know the outcome as soon as possible." *See* Motion for Appointment of Counsel, Att. 2 at 2. In a later letter, dated May 31, 2006, the same attorney, responding to an inquiry of Mr. Price, wrote: "[P]lease be advised that we did not file the Writ of Certiorari because we did not feel it prudent to do so." *Id.*, Att. 3 at 1.

In responding to the present motion to appoint counsel, counsel represents that he reviewed the relevant facts and case law and determined that it would be not appropriate to file a petition for a writ of certiorari. He also claims that he so advised Mr. Price by letter dated May 15, 2006. It appears that counsel is referencing his letter of May 31, 2006. Counsel also explains that his failure to follow up with Mr. Price regarding counsel's conclusion that no reasonable grounds existed for filing a certiorari petition was due, in large part, to his preparation for trial in a death penalty case that lasted the entire month of May 2006. Finally, counsel requests leave to withdraw as counsel and asks the court to appoint new counsel to file a petition for a writ of certiorari on Mr. Price's behalf. The record is silent as to whether counsel has advised Mr. Price about our first opinion, prior to the *Paladino* remand, in which we affirmed his conviction. There is, however, a suggestion that no such communication took place. In his letter of December 7, 2005 counsel transmitted our final non-precedential order and noted that the order "summarizes the 7th Circuit's review of your case."

Based on Mr. Price's motion and counsel's response, I must conclude that appellate counsel did not comply with his obligations under the Seventh Circuit Criminal Justice Act Plan. Counsel's first letter, fairly read, advised Mr. Price that counsel *was preparing* to file a petition for certiorari: "We will begin the process and let you know the outcome as soon as possible." Mr. Price was *not* informed that counsel had *not* filed a petition until he made his later inquiry. Mr. Price, therefore, was unable to ask this court to order counsel to seek certiorari.

As I noted in *Howell*, the duty of appointed counsel to file a petition for certiorari is tempered by the duty to refrain from filing "frivolous" pleadings. *Howell*, 37 F.3d at 1209. Whether a document can be characterized as legally "frivolous" is a determination that must take into account the nature of the document and the circumstances of the particular case. The Supreme Court has said explicitly that "[r]eview on a writ of certiorari is not a matter of right but of judicial discretion" and that it will be granted "only for compelling reasons." Rule 10, Rules of the Supreme Court of the United States.

At this point, when there has been no meaningful consultation between counsel and the defendant, it would be premature for me to say whether a petition would be warranted. At the very least, Mr. Price has the right to consult with counsel about the appropriateness of filing a petition for a writ of certiorari. Accordingly, the mandate of this court is recalled. New counsel will be appointed. Counsel may file, within 14 days of appointment, a petition for rehearing in this court. Alternatively, counsel may elect to file immediately a petition for certiorari in the Supreme Court. If counsel, after consultation with Mr. Price, determines that it would be inappropriate

to file a petition for certiorari, he must communicate that appraisal to Mr. Price so that he can ask, if he chooses, this court to determine whether it should order that such a petition be filed.

MANDATE RECALLED; COUNSEL APPOINTED

A true Copy:

    Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*