[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10492
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00190-WHA-TFM

ORLANDO SAMUEL MCKEITHEN,

Plaintiff-Appellant,

versus

CATHY JACKSON,
Sgt. in her individual and official capacities,
JUANICE COLE,
 Lt. in her individual and official capacities,
ANGELA BROWN, Nurse,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 31, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Orlando Samuel McKeithen, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of defendants Juanice Cole and Cathy Jackson and its dismissal of McKeithen's claim against Angela Brown for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). On appeal, McKeithen argues that the district court erred in granting summary judgment to Cole and Jackson because their deliberate indifference to his medical needs while he was having a stroke and the egregious deprivation of medical treatment he experienced caused unnecessary and wanton infliction of pain that rose to the level of a violation of his Eighth Amendment rights. He also contends that the district court erred in dismissing his claim against Brown without prejudice because he did not fail to exhaust administrative remedies.

I.

We review the district court's grant of summary judgment *de novo*, considering all evidence in the light most favorable to the non-movant. *O'Bryant v. Finch*, 637 F.3d 1207, 1212 n.9 (11th Cir. 2011). A failure to object to a magistrate judge's report and recommendation "limits the scope of appellate review of factual findings to plain error or manifest injustice but does not limit review of legal conclusions." *United States v. Warren*, 687 F.2d 347, 348 (11th

2

Cir. 1982).  Because a summary judgment ruling makes no factual findings, this Court's review is *de novo*, whether or not objections were filed.  *Rich v. Sec'y, Fla. Dep't. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A dispute is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party.  *Allen v. Bd. of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007).  If a party fails to establish a genuine dispute as to any essential element of his case on which he has the burden of proof, summary judgment is appropriate even if there are disputes as to other facts, because the failure of proof on the essential element renders all other facts immaterial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  *Pro se* litigants are not excused from the burden of establishing that there exists a genuine issue of material fact.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

The moving party has the initial burden of demonstrating through evidence that there are no genuine issues as to any material fact.  *Jeffery v. Sarasota White*

3

*Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995). Once the moving party has met its burden, the burden shifts to the non-moving party to establish, beyond the pleadings, that a genuine issue exists. *Id.* at 593-94. The non-moving party must produce more than a "mere scintilla" of evidence to defeat a summary judgment motion. *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he . . . was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs, giving rise to a cause of action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). The medical treatment provided to an inmate violates the Eighth Amendment when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotations omitted). Mere negligence or malpractice, however, does not rise to the level of a constitutional violation. *Id.*

To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) deliberate indifference to that need on the part of the defendant; and (3) causation between the defendant's indifference and the

4

plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). The inmate must show that the public official acted with an attitude of "deliberate indifference" by demonstrating three facts: (1) the defendant had subjective knowledge of a risk of serious harm; (2) the defendant disregarded that risk; and (3) the defendant's conduct was more than mere negligence. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Conduct that is more than mere negligence includes: (1) knowledge of a serious medical need and a failure or refusal to provide care; (2) delaying treatment for non-medical reasons; (3) grossly inadequate care; (4) a decision to take an easier but less efficacious course of treatment; or (5) medical care that is so cursory as to amount to no treatment at all. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

As an initial matter, the district court erred in crediting Jackson's and Cole's version of the facts instead of taking the facts in the light most favorable to McKeithen. *See O'Bryant*, 637 F.3d at 1212 n.9. Nevertheless, summary judgment was appropriate because the undisputed evidence does not show deliberate indifference on the part of Jackson or Cole. *See Johnson*, 387 F.3d at 1351. Neither was medically trained to recognize the symptoms of stroke, and neither had subjective knowledge of a risk of serious harm to McKeithen as a result of his having a stroke and disregarded that risk. *See Johnson*, 387 F.3d at 1351. That McKeithen was not taken to see a doctor at his request does not rise to

5

the level of deliberate indifference, even if, in hindsight, he was having a stroke.

At most, Jackson and Cole were negligent.  *See McElligott*, 182 F.3d at 1255.

## II.

We review district court's dismissal of a suit for failure to exhaust available administrative remedies under the PLRA *de novo*.  *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000).  Further, we review a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement *de novo*.  *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). The filing of a civil suit without properly exhausting all available administrative remedies is a procedural misstep that is fatal to the underlying case.  *See Johnson*, 418 F.3d at 1158-59 (holding that the PLRA's exhaustion requirement contains a procedural default rule).  To "properly exhaust" his administrative remedies, a prisoner must complete the administrative review process, as set forth in the applicable prison grievance process.  *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 922-923, 166 L.Ed.2d 798 (2007).  We have no discretion to waive the

6

exhaustion requirement.  *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

The district court did not err in dismissing McKeithen's claim against Brown for failure to satisfy the PLRA's exhaustion requirement.  McKeithen had access to a grievance process to communicate complaints regarding medical treatment during his incarceration, and although he acknowledged that he had received a copy of the grievance policy and understood it, there is no evidence that he ever filed a grievance related to the issues in his instant complaint.  *See Bock*, 549 U.S. at 218, 127 S.Ct. at 922-923.  Because McKeithen has provided no evidence to support his bare, conclusory statement that he exhausted his administrative remedies with respect to his complaints regarding medical treatment he received from Brown, his claim against her was properly dismissed without prejudice.  *See Johnson*, 418 F.3d at 1158-59; *Jeffery*, 64 F.3d at 593-94 (explaining that once the moving party has met its initial burden of demonstrating that there are no genuine issues as to any material fact, the burden shifts to the non-moving party to establish, beyond the pleadings, that a genuine issue exists).

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**