

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-1997

# United States v. Coney

Precedential or Non-Precedential:

Docket 96-1740

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Coney" (1997). *1997 Decisions.* Paper 159.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/159

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 16, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-1740

UNITED STATES OF AMERICA

v.

ERNEST CONEY,
a/k/a "Jerome"

Ernest Coney,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 92-cr-00017-4)

Submitted On Motion Pursuant to Third
Circuit LAR 34.1(a) May 20, 1997

Before: SLOVITER, Chief Judge, STAPLETON and
ALDISERT, Circuit Judges

(Filed July 16, 1997)

Christine M. Adair
Philadelphia, PA 19102

 Attorney for Appellant

Kathy A. Stark
Office of United States Attorney
Philadelphia, PA 19106

 Attorney for Appellee

**OPINION OF THE COURT**

SLOVITER, <u>Chief Judge</u>.

Christine Adair, counsel for appellant Ernest Coney, has moved for leave to withdraw from her representation of the appellant. The motion raises an issue of the application of our local appellate rules.

Coney was convicted and sentenced as a result of a violation of probation. After he filed a <u>pro se</u> petition for appeal, Adair, who represented him in the district court, was appointed by this court pursuant to the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. She appropriately briefed the matter on appeal, and the decision of the district court was affirmed by this court with a Memorandum Opinion on March 27, 1997. Although Coney had requested Adair to file a petition for rehearing, Adair did not file a timely petition for rehearing. Instead, she sought leave to withdraw on the ground that after reviewing this court's opinion and examining the cases relied on by this court, "it is my opinion that no further appeal on this matter is warranted."

Adair explained that her trial schedule, which involved several homicide cases, prevented her from filing a timely letter with the Clerk's Office and that in addition to moving for leave to withdraw as counsel she sought leave to submit a payment voucher. Counsel's motion raises what may be seen as a tension in our local rules and our treatment of counsel's obligation once an appeal has been completed. We publish this opinion to set forth our interpretation of counsel's obligation.

Generally, appointed counsel in cases other than those in which a brief has been filed pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), will file a petition for

2

rehearing. By so proceeding, counsel may seek to avert a potential claim of ineffective assistance of counsel or may believe that the filing of a petition for rehearing en banc is required or expected in direct criminal appeals. The latter would be based on a misconception, as this court, in an effort to staunch the numerous and generally meritless petitions for rehearing, provides in Local Appellate Rule 35.4:

As noted in FRAP 35, in banc hearing or rehearing of appeals is not favored. Counsel have a duty to the Court commensurate with that owed their clients to read with attention and observe with restraint the Required Statement for Rehearing in Banc set forth in 3rd Cir. LAR 35.1. Counsel are reminded that in every case the duty of counsel is fully discharged without filing a suggestion for rehearing in banc unless the case meets the rigorous requirements of FRAP 35 and 3rd Cir. LAR 35.1.

Local Appellate Rule 35.1 provides that a petition for rehearing must contain the following statement by counsel:

I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to decisions of the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States, and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court, i.e., the panel's decision is contrary to the decision of this court or the Supreme Court in [citing specifically the case or cases], OR, that this appeal involves a question of exceptional importance, i.e. [set forth in one sentence].

Although the local rules do not set forth a detailed procedure for an attorney to withdraw at this stage of representation, these general expressions of court policy make it clear that counsel, having appropriately briefed and argued an appeal, is not under an obligation to file a petition for rehearing or rehearing en banc. Nor is such a filing required under the Criminal Justice Act or the Guide to Judiciary Policies and Procedures which implement the Act. The determination whether to file rests in the sound

3

professional judgment of the attorney in light of all circumstances, and any motion by counsel to withdraw is treated on a case-by-case basis.

In considering whether an attorney for an indigent defendant has the duty to file a petition for certiorari when the defendant so requests, the Supreme Court in Austin v. United States, 513 U.S. 5, 8 (1994), directed the Circuit Judicial Councils to revise their Criminal Justice Plans if necessary so that counsel would not be obliged to file petitions for certiorari that would present frivolous claims in violation of Supreme Court rules. It stated:

[T]hough indigent defendants pursuing appeals as of right have a constitutional right to a brief filed on their behalf by an attorney, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that right does not extend to forums for discretionary review. Ross v. Moffitt, 417 U.S. 600, 616-617, 94 S.Ct. 2437, 2446-47, 41 L.Ed.2d 341 (1974).

Id.

Unlike the mandatory jurisdiction of the courts of appeals in a direct criminal appeal, en banc rehearing by the courts of appeals is discretionary. See LAR 35.4. It would create a conflict with our Rules were we to require counsel to file a petition for rehearing if counsel believes the petition is without merit. In such a case, counsel should file a petition for leave to withdraw, with notice to the appellant that s/he may file a pro se petition for rehearing.

This, of course, should not be interpreted as a basis for appellants in criminal cases to seek substitute counsel. A motion for appointment of new counsel at this stage would unduly tax the Criminal Justice Act funds. Generally there will be no basis for appointment of new counsel once the original counsel has withdrawn following completion of the appeal on the ground that further proceedings would be frivolous.

Because counsel in this case may not have fully understood the appropriate procedure, we will deny the motion to withdraw at this time. Should counsel, following

4

review of the file, determine in her sound professional judgment that she cannot make the statement required in Local Appellate Rule 35.1, counsel may file a motion on behalf of appellant to recall the mandate so that appellant will have an opportunity to file a timely pro se petition for rehearing should he so desire. Counsel will then have fulfilled her responsibilities to her client and the court, and may then renew her motion for leave to withdraw, of course providing notice to the appellant.

Our willingness to allow counsel to reconsider andfile a petition for rehearing in no way reflects our view that this is an appropriate case for filing a petition for rehearing or a petition for a writ of certiorari. Supreme Court Rule 42.2 allows an award of damages or costs against counsel or her client if a frivolous petition for writ of certiorari is filed.

Adair's motion for leave to withdraw as counsel is denied without prejudice.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

5