## In the
## United States Court of Appeals
### For the Seventh Circuit

No. 03-1547

JAY SCOTT BALLINGER,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. IP 01-1750-C-B/F—**Sarah Evans Barker**, *Judge.*

ARGUED APRIL 15, 2004—DECIDED AUGUST 11, 2004

Before FLAUM, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* From 1994 to 1999 Jay Scott
Ballinger and his girlfriend Angela Wood traveled around
the United States setting at least 26 churches on fire in eight
different states. Ballinger was ultimately charged with
offenses in 11 different federal districts and his appointed
counsel negotiated a plea agreement in which all of the
charges except those from the Northern District of Georgia
were transferred to the Southern District of Indiana. In
July 2000 Ballinger pleaded guilty to six counts of arson
under 18 U.S.C. § 844(i), 20 counts of intentionally destroying
religious real property under § 247(a), two counts of con-

spiracy to commit arson, and two counts of the use of fire in the commission of a felony, § 844(h). He did not appeal his conviction but instead filed a motion under 28 U.S.C. § 2255 arguing that his plea was involuntary and that his attorney was ineffective. The district court concluded that Ballinger procedurally defaulted those arguments by failing to raise them in a direct appeal. Although the court was correct that Ballinger procedurally defaulted his due process argument, Ballinger has not procedurally defaulted his claim of ineffective assistance of counsel. Since the district court's decision, the Supreme Court has clarified that claims of ineffective assistance of counsel can be raised for the first time in a § 2255 motion. We therefore remand this case to the district court so that Ballinger may develop the record and the district court may decide his claim of ineffective assistance in the first instance.

Ballinger, who describes himself as a "Luciferian," targeted his arson at small rural churches. One, the Concord Church of Christ was approximately 100 years old and was depicted in the opening scene of "Hoosiers." That church and several others were completely destroyed. Ballinger was caught when he was burned in one of the fires and ended up in the Burn Unit of Wishard Memorial Hospital in Indianapolis.

To establish that his conduct sufficiently impacted interstate commerce to warrant federal jurisdiction, Ballinger stipulated that he and Wood traveled on interstate and national highways to commit the crimes and also that some of the churches obtained utility service or books from across state lines, some contributed to national church organizations, some were insured by insurance companies in other states, and others sent money to organizations that sponsored missions around the world. Ballinger argues now that under *Jones v. United States*, 529 U.S. 848 (2000), his conduct did not sufficiently impact interstate commerce to warrant federal jurisdiction. Ballinger argues that his plea

was involuntary because he did not understand the charges and also that his lawyer was ineffective for failing to consider a challenge based on *Jones*.

Ballinger raised his arguments in a motion under 18 U.S.C. § 2255, but the district court rejected both arguments, concluding that in his plea agreement Ballinger waived his right to litigate a § 2255 motion and he procedurally defaulted the issues by failing to litigate a direct appeal. The district court was mistaken, however, to conclude that Ballinger waived his right to litigate a § 2255 motion; the plea agreement states that he waived his right to challenge his *sentence* in a § 2255 proceeding. Ballinger is seeking to challenge his conviction in a § 2255 proceeding, which is outside of the scope of his waiver.

The district court was correct that Ballinger procedurally defaulted his argument that his plea was involuntary. He could have raised this argument if he litigated a direct appeal, so he is barred from raising it for the first time in a § 2255 motion. Ballinger did not, however, procedurally default his ineffective-assistance-of-counsel argument. After the district court's judgment, the Supreme Court said in *Massaro v. United States*, 538 U.S. 500, 509 (2003) that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Because a court generally applies the law in effect at the time of its decision, *see Thorpe v. Hous. Auth. of Durham*, 393 U.S. 268, 281 (1969); *Meghani v. INS*, 236 F.3d 843, 846 (7th Cir. 2001), we follow *Massaro* and conclude that Ballinger's ineffective-assistance-of-counsel claim is not procedurally defaulted. So Ballinger must be allowed to litigate his ineffective-assistance-of-counsel claim, and the government concedes as much. (Appellee's Br. at 21 ("Ballinger, therefore, has neither waived nor procedurally defaulted his claim of ineffective assistance of counsel.")).

Unfortunately, because the district court dismissed the case without granting Ballinger an evidentiary hearing, the record is not sufficiently developed for us to decide whether Ballinger's trial counsel was ineffective. We are therefore remanding the case to the district court so that Ballinger may develop the record. At a minimum, Ballinger must secure an affidavit from his trial counsel, Steven Riggs, explaining whether he considered a challenge under *Jones* at the time he counseled Ballinger to plead guilty.

In addition to deciding Ballinger's claim of ineffective assistance of counsel in the first instance, the district court should also consider whether Ballinger's current counsel, Paul Kish, has a conflict of interest in continuing to represent Ballinger. After we appointed Mr. Kish, we learned that he participated in some capacity at Ballinger's plea hearing. The record is unclear, however, about the nature or extent of his participation. Although Ballinger does not have a right to counsel at this stage of the proceeding and could not later argue that Mr. Kish was ineffective in litigating his § 2255 motion, a court must protect the integrity of its proceedings. *See Banks v. United States*, 167 F.3d 1082 (7th Cir. 1999).

We therefore AFFIRM the judgment of the district court to the extent that it held Ballinger's due process argument procedurally defaulted. Furthermore, we VACATE the judgment of the district court that Ballinger procedurally defaulted his ineffective-assistance-of-counsel argument and REMAND for further proceedings.

No. 03-1547                                                         5

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
