In the

# United States Court of Appeals

### For the Seventh Circuit

———————

No. 06-2094

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ROBERT A. HAWKINS,

*Defendant-Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 04 CR 50028—**Philip G. Reinhard,** *Judge.*

———————

ON MOTION TO WITHDRAW AS COUNSEL
AND APPOINTMENT OF NEW COUNSEL

———————

OCTOBER 26, 2007[Œ]

———————

RIPPLE, *Circuit Judge* (in chambers). This matter is before me on the motion of appointed counsel to withdraw and on the motion of Mr. Hawkins for the appointment of new counsel. This court decided the merits of this direct criminal appeal in *United States v. Hawkins*, 499

———

[Œ] This opinion was released initially in typescript form.

F.3d 703 (7th Cir. 2007). The deadline for the defendant to file a petition for a panel or en banc rehearing was September 11, 2007. Fed. R. App. P. 35(c), 40(a)(1). On that day, Mr. Hawkins' appointed counsel instead filed a motion to withdraw as counsel and requested a thirty-day extension so that Mr. Hawkins could prepare and file a petition for rehearing on his own behalf. Mr. Hawkins then filed a motion asking for the appointment of new counsel. For the reasons set forth in this opinion, I grant the motion to withdraw and grant the motion for the appointment of counsel.

# I

## BACKGROUND

After a jury found Mr. Hawkins guilty of robbery affecting interstate commerce, 18 U.S.C. § 1951(a), of using a firearm in relation to a crime of violence, *id.* § 924(c)(1)(A), and of unlawful possession of a firearm by a felon, *id.* § 922(g)(1), he was sentenced to 324 months' imprisonment. Mr. Hawkins appealed and argued that the district court violated his right to due process of law by permitting testimony about a "showup" identification conducted shortly after his arrest. This court affirmed the convictions. We held that the identification technique employed during the investigation was not unduly suggestive and that, in any event, the identification was reliable.

# II

## DISCUSSION

As appointed counsel recognizes, the duties of appointed counsel in a direct criminal appeal do not end when this

court renders an adverse decision. Counsel still has the obligation to consider whether to file post-opinion pleadings in the court of appeals and a petition for a writ of certiorari in the Supreme Court of the United States. Unless it would be frivolous to do so, counsel must prepare and file such pleadings. Seventh Circuit Criminal Justice Act Plan, § V.3; *United States v. Price*, 491 F.3d 613, 615 (7th Cir. 2007) (Ripple, J., in chambers); *United States v. Howell*, 37 F.3d 1207, 1209-10 (7th Cir. 1994) (Ripple, J., in chambers).

Mr. Hawkins' appointed counsel states that she has notified Mr. Hawkins of his right to file a petition for rehearing in this court and for certiorari before the Supreme Court and that Mr. Hawkins insists that the petitions be filed. However, counsel states that in her professional judgment, there is no reasonable basis for filing either petition. As she notes, this case was decided primarily on factual rather than legal grounds, the opinion was without dissent and it identifies no split of authority that would tend to suggest that rehearing or Supreme Court review are warranted.

In this ruling, I shall limit my remarks to the situation currently facing Mr. Hawkins—the filing of a petition for rehearing in this court. Until that step in the process is completed, it would be premature to address the filing of a petition for a writ of certiorari.

Appointed counsel is under no obligation to file a petition for rehearing in every case. *United States v. Coney*, 120 F.3d 26 (3d Cir. 1997). Appointed counsel is correct in stating that such a decision must be left to the sound discretion of appointed counsel. Indeed, as appointed counsel's motion intimates, there may well be times when the filing of such a petition would be frivolous and,

therefore, in violation of counsel's obligation to the court. *Id*. at 27. In this case, however, given the nature of the claim raised on appeal and the conclusory nature of appointed counsel's submission, I cannot accept, at this point, counsel's submission that a petition for rehearing would necessarily be frivolous in this case. The motion to withdraw states in conclusory fashion that there was no dissent from the panel's holding, that the case was decided on largely factual, as opposed to legal, grounds, and that the opinion identifies no split in authority. Counsel is correct that the fairness of a showup identification is necessarily a fact-based inquiry, but factual distinctions in such cases are very important in assessing whether the procedure was a fair one. The papers before me demonstrate no effort on the part of counsel to come to grips with existing case law or with the panel's analysis. Neither do they demonstrate why a petition for rehearing necessarily would be frivolous. *Cf. Anders v. California*, 386 U.S. 738 (1967); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Under these circumstances, the ends of justice will be best served by granting appointed counsel's motion to withdraw and by appointing another counsel to evaluate the case and consult with Mr. Hawkins. If replacement counsel agrees with the view of present counsel, replacement counsel may file, with notice to Mr. Hawkins, a motion to withdraw, and Mr. Hawkins may file, if he wishes, a response to counsel's motion. *See* Cir. R. 51(b).

This action is compatible with the court's practice in similar circumstances, *see Howell*, 37 F.3d at 1210. I emphasize that I do not mean to discredit, in any way, the professional judgment or standards of current appointed counsel. Rather, I simply believe that, given the nature

of the issue on appeal in this case, a more specific show-ing of the frivolousness of any petition for rehearing is necessary before the court can leave a criminal defendant without counsel at this stage of the proceedings. Since counsel has formed an opinion about the merits of the case, Mr. Hawkins' right to counsel can be better pro-tected by the appointment of another counsel.

I also emphasize that my ruling today is limited to the petition for rehearing stage of the proceedings. It would be premature to address the petition for a writ of certiorari stage at this point.

Accordingly, the motion of appointed counsel to with-draw is granted. The motion of the defendant for new counsel is granted. Newly appointed counsel shall have 30 days from the date of appointment to file either a petition for rehearing or a motion to withdraw on the ground that any petition would be frivolous.

IT IS SO ORDERED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*