In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-2801

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

SHAABAN HAFIZ AHMAD ALI SHAABAN,

*Defendant-Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 05 CR 34—**John Daniel Tinder,** *Judge*.

_____

ON MOTION TO RECALL THE MANDATE

_____

JANUARY 28, 2008[Œ]

_____

RIPPLE, *Circuit Judge* (in chambers). This matter is before the court on the defendant's motion to recall the mandate and defense counsel's response to that motion.

Shaaban Hafiz Ahmad Ali Shaaban was convicted after a jury trial of various offenses relating to his attempt to sell the names of CIA agents working covertly in Iraq to

---

[Œ] This opinion was released initially in typescript form.

the Iraqi Intelligence Service. The district court sentenced Mr. Shaaban to 160 months' imprisonment. Mr. Shaaban appealed, but his appointed counsel sought to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he could not discern a nonfrivolous issue to pursue. We denied this motion and ordered defense counsel to address whether the district court miscalculated Mr. Shaaban's guidelines range by adding more than two levels for obstruction of justice. After a careful examination of the record, we concluded that, rather than miscalculating the guidelines range, the district court properly exercised its discretion to sentence Mr. Shaaban above the guidelines range. No petition for rehearing or rehearing en banc was filed, and the deadline to file one has now passed. *See* Fed. R. App. P. 35(c), 40(a).

Just two days before we issued our order affirming Mr. Shaaban's sentence, defense counsel had sent Mr. Shaaban a letter explaining that, if his appeal was "denied," defense counsel would "argue for rehearing and the appeal would not be final until rehearing were denied." Shortly after the deadline to file a petition for rehearing lapsed, Mr. Shaaban received another letter from counsel, explaining that we had affirmed his sentence, but this letter made no mention of the previously promised petition for rehearing. Concerned, Mr. Shaaban drafted and mailed a pro se petition for rehearing, which the clerk of this court returned unfiled because it was untimely and the mandate had already issued. Now, Mr. Shaaban has filed a motion to recall the mandate, arguing that counsel reneged on his promise to file a petition for rehearing and that Mr. Shaaban should be allowed to file one.

We ordered counsel to respond to this motion. In his response, defense counsel admits that he initially in-

formed Mr. Shaaban that he intended to file a petition for rehearing, but explains that he changed his mind when he read our order affirming the sentence imposed on Mr. Shaaban by the district court. Counsel further explains that he had anticipated that we would conclude that the district court committed harmless error when it miscalculated Mr. Shaaban's guidelines range. Instead, we concluded that the district court intended to sentence Mr. Shaaban above the guidelines range. Defense counsel asserts that, although he could have raised nonfrivolous issues with regard to the former conclusion, the latter left no "non-frivolous basis for moving for re-hearing." Counsel concedes, however, that he "erred in not adequately explaining this to [his] client." He also explains that he is willing to file a petition for rehearing on Mr. Shaaban's behalf if the court deems it necessary.

An appointed counsel's duties do not end when this court renders an adverse decision; counsel must consider filing post-opinion pleadings in the court of appeals. *See* Seventh Circuit Criminal Justice Act Plan, § V.3; *United States v. Hawkins*, 505 F.3d 613, 614 (7th Cir. 2007) (Ripple, J., in chambers); *United States v. Price*, 491 F.3d 613, 615 (7th Cir. 2007) (Ripple, J., in chambers); *United States v. Howell*, 37 F.3d 1207, 1209-10 (7th Cir. 1994) (Ripple, J., in chambers). Our Criminal Justice Act Plan explains that it is counsel's duty to file a petition for rehearing if a defendant requests that counsel do so and there are reasonable grounds for such a petition. *See* Seventh Circuit Criminal Justice Act Plan, § V.3.

I cannot conclude that counsel has fulfilled adequately this duty. Counsel was under a continuing obligation to communicate with Mr. Shaaban. Counsel failed to explain

adequately to Mr. Shaaban why, despite counsel's initial view that a petition for rehearing would be appropriate, our actual disposition foreclosed the arguments that he had intended to raise in a petition for rehearing. Given the course of events, Mr. Shaaban was left with the misapprehension that a petition for rehearing was filed.

Counsel is not obligated to file a frivolous petition, *Hawkins*, 505 F.3d at 614-15. Here, counsel maintains, with little explanation, that a petition for rehearing would be frivolous in this case because the court's order was "rooted in a factual determination." However, a petition for rehearing is not necessarily frivolous simply because it requires a fact-based inquiry. *See id.* at 615. Moreover, counsel undermines his conclusion that a petition would be frivolous in this case by characterizing the record as "ambiguous," describing this court's conclusion as "debatable," and expressing a willingness to file a petition if required to do so.

Mr. Shaaban does not request expressly the appointment of new counsel, but, throughout his motion, he expresses strong displeasure with present counsel. Moreover, counsel's response does demonstrate that he both failed to communicate with Mr. Shaaban and already has formed the opinion that a petition for rehearing is unnecessary. Under these circumstances, to ensure the full protection of Mr. Shaaban's right to counsel, defense counsel is relieved from his appointment to represent Mr. Shaaban in this case. New counsel for Mr. Shaaban will be appointed in a separate order. I express no view as to whether a petition for rehearing would be frivolous. Newly appointed counsel shall, within 30 days from the date of appointment, file either a petition for rehearing or a motion to withdraw on the ground that any such

petition would be frivolous. If newly appointed counsel seeks withdrawal because he can discern no nonfrivolous issue to raise in a petition for rehearing, Mr. Shaaban shall have the opportunity to file a response pursuant to Seventh Circuit Rule 51(b).

IT IS SO ORDERED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*