# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-2801

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

SHAABAN HAFIZ AHMAD ALI SHAABAN,

*Defendant-Appellant*.

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 05 CR 34—**John Daniel Tinder,** *Judge*.

_____

APPELLANT COUNSEL'S MOTION TO
WITHDRAW AND TO ALLOW MR. SHAABAN
TO PROCEED PRO SE

_____

APRIL 24, 2008[Œ]

_____

RIPPLE, *Circuit Judge* (in chambers). Counsel for Shaaban
Hafiz Ahmad Ali Shaaban seeks leave to withdraw as
appointed counsel for Mr. Shaaban and asks that I
permit Mr. Shaaban to proceed pro se. On January 28,

---

[Œ] This opinion was released initially in typescript form.

2008, I appointed new counsel for Mr. Shaaban after concluding that the record raised substantial doubt that his previously appointed counsel had fulfilled adequately his obligations under the Seventh Circuit Criminal Justice Act Plan, § V.3. *United States v. Shaaban*, 514 F.3d 697, 698-99 (7th Cir. 2008) (Ripple, J., in chambers). I directed that new counsel file either a petition for rehearing or a motion to withdraw on the ground that any such petition would be frivolous. *Id*. at 699. On February 7, 2008, the court appointed Chief Federal Defender Richard H. Parsons in Peoria, Illinois, and Staff Attorney Andrew J. McGowan of that office was assigned to the case.

Attorney McGowan now represents that he has identified a non-frivolous issue that could be raised in the petition for rehearing, but he further notes that there are possible negative consequences to raising that issue. Mr. Shaaban has informed Mr. McGowan that he does not want this issue to be raised. Instead, Mr. Shaaban has prepared a pro se petition for rehearing that raises the issues that Mr. Shaaban wants to be raised. He attempted to file his pro se petition with the court, but the Clerk properly rejected the pro se petition because Mr. Shaaban was represented by counsel. As a result of the disagreement regarding how to proceed, counsel believes that there has been a breakdown in the attorney-client relationship and moves to withdraw.

Counsel was directed to file either a petition for rehearing or a motion to withdraw because such a petition would be frivolous. *Shaaban*, 514 F.3d at 699. Attorney McGowan explains that he cannot represent that a petition for rehearing would be frivolous because the issue he has identified could have possible beneficial consequences, as well as possible negative consequences.

Mr. Shaaban, however, does not want this issue to be raised. I must conclude that counsel has attempted to comply with the court's directive, but that Mr. Shaaban would prefer to file a pro se petition for rehearing raising the issues that he believes should be raised. Accordingly, I grant counsel's motion to withdraw and permit Mr. Shaaban to file a pro se petition for rehearing within 30 days.

IT IS SO ORDERED