In the

# United States Court of Appeals

### For the Seventh Circuit

No. 13-1375

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KERRY L. SMITH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:07-cr-40038-jpg-1 — **J. Phil Gilbert**, *Judge.*

ON MOTION TO RECALL OPINION OF THE COURT

NOVEMBER 18, 2014

Before POSNER, RIPPLE and KANNE, *Circuit Judges.*

PER CURIAM. This matter is before us on the motion of newly appointed counsel for appellant Kerry Smith, asking that we recall the opinion in which we decided the merits of this appeal. We deny the motion but give counsel thirty days

in which to file a petition for rehearing if she deems it advisable.

## A.

On October 1, 2014, we issued an order granting Attorney Beau Brindley's motion to withdraw as appointed counsel for Mr. Smith. Mr. Brindley explained that he was the subject of a federal criminal investigation and wanted to avoid any potential conflict of interest in this matter. Mr. Brindley further explained that there was no conflict of interest or potential conflict of interest during his representation of Mr. Smith because the appeal was fully briefed and argued prior to July 2014, when the Government initially notified him that he was a target of a federal investigation. (The district court had made the same findings when we remanded the matter to permit that court to look into the possibility of a conflict of interest caused by Mr. Brindley's situation.) Mr. Brindley concluded, nevertheless, that it was best for him to withdraw "to prevent any conflict of interest issue from having an impact." App. R.47 at 2.

On October 8, 2014, we appointed Heather Winslow to represent Mr. Smith. *See United States v. Shaaban*, 514 F.3d 697, 698–99 (7th Cir. 2008) (Ripple, J., in chambers) (appointing counsel to consider filing petition for rehearing). Ms. Winslow now asks that we recall our opinion, issued on October 24, 2014, that decided this appeal. She seeks additional time to review the record on appeal and to determine whether there are meritorious issues that Mr. Brindley did not raise. If she finds such meritorious issues, she would seek leave to supplement the appellate briefs. Ms. Winslow

suggests that, during the remand proceedings, the district court failed to address the issue of whether Mr. Brindley intentionally failed to pursue meritorious issues in the appeal because he knew that he was under criminal investigation. She notes that the conduct charged in the indictment dates back to August 2009, and she represents that Mr. Smith has related to her that he told Mr. Brindley of two potentially meritorious issues that he wished to raise on appeal but which were not addressed in the brief filed by Mr. Brindley. According to the motion before us, "Mr. Smith believes that Mr. Brindley may have declined to raise these issues in order to curry favor with the government or the Court." App. R.52 at 3.

**B.**

We cannot accept the suggestion that the district court failed to address the issue of whether Mr. Brindley failed to pursue issues because he knew there was a criminal investigation pending. The court explicitly found that no potential conflict existed until July of 2014. This finding is compatible with Mr. Brindley's representation in his motion to withdraw that he was unaware of the criminal investigation until on or about July 15, 2014. This information is, moreover, consistent with the Government's filings dated July 17, 2014, in other appeals pending before this court, in which it has represented that Mr. Brindley was recently notified he is a target of a federal criminal investigation.[1]

---

[1] *See, e.g.*, Agreed Motion for Limited Remand to Address Any Potential Conflict of Interest, *United States v. Matthews*, No. 14-1002 (7th Cir.

The principles governing our decision are well-settled. The Sixth Amendment right to counsel includes the right to conflict-free counsel. *Wood v. Georgia*, 450 U.S. 261, 271 (1981); *United States v. Hubbard*, 22 F.3d 1410, 1418 (7th Cir. 1994). Here, there does not appear to be even a possibility of a conflict of interest in light of the district court's finding that Mr. Brindley was unaware of the investigation until many months after his role in the appeal was complete.

Moreover, if Ms. Winslow, after careful investigation, were to find some other basis for alleging that Mr. Brindley rendered ineffective assistance of counsel on appeal by failing to raise meritorious issues,[2] the appropriate vehicle to raise such a contention is a motion for collateral relief under 28 U.S.C. § 2255. Failure to raise an ineffective assistance of counsel motion claim on direct appeal does not bar the claim from being brought in a later § 2255 proceeding. *Massaro v. United States*, 538 U.S. 500, 509 (2003); *Ballinger v. United States*, 379 F.3d 427, 429–30 (7th Cir. 2004). Moreover, presenting the argument in a § 2255 motion would permit Mr. Smith to attempt to develop a factual basis for the argument that a potential conflict of interest existed despite Mr. Brindley's assertions that he was unaware he was under investigation when filing briefs and presenting oral argument on behalf of Mr. Smith. If the habeas court agrees that Mr. Brindley failed to render reasonably effective assistance and that Mr. Smith suffered prejudice, the appropriate rem-

July 17, 2014). Briefing in Mr. Smith's appeal was complete on October 11, 2013, and oral argument was heard on February 19, 2014.

[2] It is unclear from the motion whether Ms. Winslow is aware of the nature of the two issues that Mr. Smith believes should have been raised in his appeal.

edy would be to grant the motion and afford Mr. Smith a new direct appeal in which he would have the opportunity to advance the additional issues. *Shaw v. Wilson*, 721 F.3d 908, 910 (7th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Counsel's current assertions that additional but unspecified meritorious issues may exist do not come close to showing that Mr. Brindley's performance was constitutionally inadequate or that "there is a reasonable likelihood that the outcome of the proceedings would have been different." *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002).

## C.

There remains the possibility that newly appointed counsel may not have had sufficient time to determine whether a different sort of contention—one suitable for consideration in a petition for rehearing in this direct appeal—may exist. Unlike where counsel has been involved in the appeal from its inception, Ms. Winslow, upon receipt of our opinion, had to study the trial record as well as the appellate proceedings to make that determination. Indeed, she states in her motion that she needs additional time to review the record on appeal and to communicate with Mr. Smith, who is in the process of being transported back to the United States Penitentiary at Leavenworth. While a grant of additional time will not address counsel's concern about whether additional issues should have been raised on appeal, such additional time will permit counsel to familiarize herself with the case and to determine whether there are any issues that could be raised properly and effectively in a petition for rehearing.

Accordingly, the motion to recall the opinion is denied. Counsel for Mr. Smith shall have thirty days from the date of this opinion to file a petition for rehearing if she deems it appropriate.

IT IS SO ORDERED