NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2018
Decided November 6, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1326

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 17-CR-40031-JPG-1 |
| SHAUNDALE J. JOHNSON, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Shaundale J. Johnson pleaded guilty to two counts of distributing methamphetamine, 21 U.S.C. § 841(a)(1), and the district judge sentenced him to 204 months' imprisonment on each count, to run concurrently. Johnson filed a timely notice of appeal, but his attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Johnson did not respond directly to the arguments in counsel's submission, *see* CIR. R. 51(b), but instead filed a motion for the court to appoint a new attorney. Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears thorough, we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Having verified that Johnson wishes to withdraw his guilty plea, counsel first considers whether Johnson could challenge his plea because the district judge did not wholly comply with Federal Rule of Criminal Procedure 11 in conducting the colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Johnson did not move to withdraw his guilty plea in the district court, so we would review the adequacy of the plea hearing for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). Counsel points out two omissions in the plea colloquy, but properly concludes that both are harmless. First, the district judge failed to specifically inform Johnson that by pleading guilty, he was waiving his right to a jury trial. *See* FED. R. CRIM. P. 11(b)(1)(F). Although the district judge should have explicitly mentioned waiver, we are satisfied that the omission did not affect Johnson's substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Johnson asked for a change of plea hearing. During the plea colloquy, the judge listed all of Johnson's constitutional rights—including the right to a jury trial—and then confirmed that Johnson understood these rights and still wished to plead guilty. Based on the entirety of the record, there is no reasonable probability that failure to specifically advise Johnson of the waiver could lead to a different result. *See id.* Second, the district judge did not address forfeiture, restitution, or the potential removal of a convicted non-citizen, *see* FED. R. CRIM. P. 11(b)(1)(J), (K), (O), but none of these issues applies in Johnson's case.

Next, counsel considers whether Johnson could challenge his sentence as substantively unreasonable but correctly determines that an appellate attack would be pointless. Johnson's 204-month sentence is within the properly calculated guidelines range, so we are permitted to presume it to be reasonable, and we do so here. *See Rita v. United States*, 551 U.S. 338, 347–51 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Based on our review of the record, we are persuaded that the judge did not abuse his discretion in weighing the 18 U.S.C. § 3553(a) factors to arrive at the ultimate sentence. He noted Johnson's history and characteristics (Johnson is "an addict" who "didn't have the best upbringing and … didn't have a lot of guidance early on") and the need to promote respect for the law and provide just punishment (Johnson "can't seem to stay out of trouble," despite getting a "tremendous break" in a previous federal drug case; he "got out [of prison] and immediately basically got back into the [drug] business"). The judge identified the need to protect the public from future crimes as a "major factor" in determining an appropriate sentence and noted that his "initial reaction" to Johnson's presentence investigation report was that he was "a candidate for the high end of [the] guidelines." The judge further noted that after Johnson had promised a prior sentencing judge that he would stay away from drugs, he nonetheless started drug dealing shortly after being released from prison and while on supervised

release. After telling Johnson that he still has "a lot of life ahead" if he could "turn it around," the judge imposed a mid-range sentence.

Johnson has moved to have a new attorney appointed so that he can pursue an ineffective-assistance claim against his appellate counsel. Any ineffective-assistance claim, however, is best presented to the district court in a petition for collateral review, *see* 28 U.S.C. § 2255(a), so that a more thorough record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Smith*, 771 F.3d 1045, 1047 (7th Cir. 2014).

For these reasons, we GRANT counsel's motion to withdraw, DISMISS the appeal, and DENY Johnson's motion to have new counsel appointed.