NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2020
Decided March 26, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1941

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 2:06-cr-20028 |
| OTHIENO O. LUCAS, *Defendant-Appellant*. | James E. Shadid, *Judge*. |

### O R D E R

Othieno Lucas pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 220 months in prison (later reduced to 158 months) and five years' supervised release. Lucas served his prison term, but less than a year into his term of supervision, he violated his conditions of release. He admitted to two violations (possessing methamphetamine and marijuana) and stipulated that the government could establish by a preponderance of the evidence the other two (operating a vehicle while intoxicated and distributing less than a gram of heroin and fentanyl). The district court revoked his supervised release and sentenced him to 43 months in prison followed by an additional four years of supervised release. Lucas filed a notice of appeal, but his attorneys assert that the appeal is frivolous and seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

At the outset, we note that Lucas does not have an unqualified constitutional right to counsel when appealing a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1978), so the safeguards in *Anders* need not govern our review. Even so, our practice is to follow them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because the attorneys' analysis appears thorough, we limit our review to the subjects they discuss, along with those that Lucas has identified in response. *See* CIR. R. 51(b); *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first advise that Lucas wishes to contest his admissions and stipulations upon which his revocation was based, but properly conclude that such a challenge would be frivolous. At the revocation hearing, Lucas confirmed under oath that he was admitting and stipulating to violating his release conditions and that no one had made "any promises or assurances … of any kind" to get him to do so. He now attempts to backpedal, asserting that his attorney "convince[d] [him] to stipulate" by assuring him that he would receive house arrest or a lower sentence. But as the rest of his Rule 51(b) response makes clear, Lucas takes issue with his sentence rather than the underlying revocation decision, and a defendant who does not challenge a revocation decision "cannot be allowed to challenge admissions that undergird that revocation." *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). In any event, Lucas does not contest the voluntariness of his admissions to the drug-possession violations, which, standing alone, mandate revocation. *See* 18 U.S.C. § 3583(g)(1); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014). To the extent that Lucas wishes to argue that counsel furnished ineffective assistance when advising him, such a claim is best presented in a motion for collateral review in the district court, where a more thorough record can be developed. *See* 28 U.S.C. § 2255(a); *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Smith*, 771 F.3d 1045, 1047 (7th Cir. 2014).

Next, counsel correctly conclude that Lucas could not raise any non-frivolous challenge to the revocation procedures under Federal Rule of Criminal Procedure 32.1. After his arrest, Lucas was promptly taken before a magistrate judge, and he waived a preliminary hearing. *See* FED. R. CRIM. P. 32.1(a), (b)(1). Then, at the revocation hearing, Lucas confirmed that he had received written notice of the alleged violations; he was represented by counsel; and the district court gave him an opportunity to make a statement and present mitigating evidence. *See* FED. R. CRIM. P. 32.1(b)(2); *United States v. Lee*, 795 F.3d 682, 686 (7th Cir. 2015). In his response, Lucas avers that his attorney did not share with him a police report or other (unspecified) "discovery" until after the revocation hearing. But even if Lucas could show a violation of Rule 32.1(b)(2)(B), which entitles a defendant to "disclosure of the evidence against [him]," he still would

need to show that the error affected his substantial rights or "seriously undermined the fairness of the proceedings." *Lee*, 795 F.3d at 687. Given his admissions to several violations of his release conditions, he could not reasonably do so.

Counsel also examine and rightly reject the argument that Lucas's sentence was procedurally improper. The district court properly classified Lucas's offenses as Grade A violations under U.S.S.G. § 7B1.1(a)(1) because, in Illinois, distributing any amount of heroin is a controlled-substance offense punishable by more than a year. 720 ILCS 570/401(d); *see also* 720 ILCS 570/401(b-1) ("[W]hen [a] controlled substance [such as heroin] contains any amount of fentanyl, 3 years shall be added to the term of imprisonment."). Based on this classification and Lucas's criminal-history category of IV, the district court correctly determined that Lucas's policy-statement range was 37 to 46 months in prison. *See* U.S.S.G. § 7B1.4(a). (Lucas argues that the court should have used a criminal-history category of II, but IV was proper because that was the category applicable at the time he originally was sentenced. *See* U.S.S.G. § 7B1.4 n.1.)

Counsel next consider whether Lucas could challenge his sentence as substantively unreasonable but correctly conclude that doing so would be pointless. Lucas's terms of imprisonment and supervised release were within the range suggested by the Guidelines, so we would presume both to be reasonable. *See Jones*, 774 F.3d at 404. In his response, Lucas contends that his sentence is "too harsh" because his violations did not involve large amounts of drugs, weapons, or violence. But the district court adequately justified its sentencing decision. *See* 18 U.S.C. § 3553(a). The court addressed the seriousness of the violations (noting that fentanyl is "lethal") and remarked that, even after receiving two reductions in his original prison sentence, Lucas violated his release conditions "within four months" of leaving prison. And, in the court's view, Lucas was "lucky" that the probation office "intervened when it did," because he could have faced more federal drug charges and "a lot more [prison] time" had the investigations against him continued. Lucas may disagree with the court's weighing of the § 3553(a) sentencing factors, but "this is just the type of discretionary decision that belongs to a district court judge." *Jones*, 774 F.3d at 405.

Finally, as counsel note, Lucas could not raise any non-frivolous challenges to the conditions of his new four-year term of supervised release. At the revocation hearing, Lucas confirmed, through counsel, that he did not object to the proposed terms, thus waiving his right to challenge them now. *See United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016).

We GRANT the motion to withdraw and DISMISS the appeal.