**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued February 25, 2005
Decided February 10, 2006

Before

Hon. WILLIAM J. BAUER, Circuit Judge

Hon. RICHARD A. POSNER, Circuit Judge

Hon. KENNETH F. RIPPLE, Circuit Judge

No. 03-3884

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| Plaintiff-Appellee, | |
| v. | No. 02 CR 44 |
| WILLIAM DAVISON, also known as TALL ONE, | **James T. Moody**, *Judge.* |
| Defendant-Appellant. | |

O R D E R

**I**

William Davison was convicted of two counts of distributing crack cocaine. At sentencing, the district court determined by a preponderance of the evidence that Mr. Davison was a member of a drug conspiracy that spanned several years and that Mr. Davison also personally had distributed in excess of 1.5 kilograms of crack cocaine.

The court further determined that Mr. Davison had used weapons in conjunction with his distributing activities. Based on these determinations, the district court sentenced Mr. Davison to 360 months' imprisonment in accordance with the then-mandatory United States Sentencing Guidelines. Mr. Davison appealed his conviction and sentence.

This court affirmed Mr. Davison's conviction, but noted that, in sentencing Mr. Davison, the district court had relied "on facts that were neither admitted by Mr. Davison nor proven to the jury beyond a reasonable doubt," *United States v. Price*, 418 F.3d 771, 786 (7th Cir. 2005); the sentence, therefore, violated Mr. Davison's Sixth Amendment rights, *see United States v. Booker*, 125 S. Ct. 738 (2005). To determine whether Mr. Davison's sentence constituted plain error, we ordered a limited remand pursuant to *Paladino v. United States*, 401 F.3d 471 (7th Cir. 2005), to allow the district court to inform this court whether it would have imposed a different sentence on Mr. Davison had the court understood the Guidelines to be advisory.

In accordance with the remand order, the district court requested statements from the parties concerning the propriety of the sentence. After considering these submissions, the district court advised us accordingly:

> Considering the record as it stands and the argument of counsel based on that record in light of the sentencing criteria under § 3553(a), and with the knowledge that the Guidelines are merely advisory, the court believes that the sentences imposed were reasonable, appropriate, and sufficient, but not greater than necessary, to comply with the sentencing purposes set out in § 3553(a)(2). Thus, were the court to resentence defendants now, it would impose the same sentences.

*Opinion and Statement on Limited Remand as to Resentencing* at 3.

## II

*Booker* instructs us to review the district court's sentencing determination for reasonableness. *Booker*, 125 S. Ct. at 767. However, *Booker* also anticipates that, in arriving at a sentence, district courts will continue to look to the Guidelines in reaching appropriate sentences. *See id.* We have recognized that "[t]he Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytuik*, 415 F.3d 606, 608 (7th Cir. 2005). Thus, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Id.* Under this deferential standard, a defendant "can rebut this presumption only by demonstrating that his or her sentence is

unreasonable when measured against the factors set forth in [28 U.S.C. ] § 3553(a)." *Id.* Theoretically, a sentence within the applicable guideline range can be unreasonable, but we have recognized that "it will be a rare" occurrence. *Id.*

In the present case, Mr. Davison concedes that the district court's "decision that it would impose the same sentence . . . has essentially snuffed out the Sixth Amendment *Booker* issue . . . ." Appellant/Defendant William Davison's *Paladino* Memorandum at 4. Mr. Davison therefore asks this court to address other challenges, pertaining to his sentence, that he raised in his initial briefing to this court.[1] We turn to those issues now.

Mr. Davison first argues that, because the relevant conduct attributed to him at sentencing resulted in such a great increase in sentencing range, the Government should be put to a higher burden of proof. Pointing to the decisions of the Third Circuit in *United States v. Kikumura*, 918 F.2d 1084 (3d Cir. 1990), and of this court in *United States v. Boos*, 329 F.3d 907, 909 (7th Cir. 2003), he submits that, when "a sentencing increase [is] so great that the sentencing hearing can fairly be characterized as a tail which wags the dog of the substantive offense," a higher standard of proof than preponderance of the evidence is necessary to meet the requirements of due process.

We never explicitly have adopted a higher standard than preponderance of the evidence for sentencing determinations, and our case law has not been consistent with respect to whether a higher burden of proof should be imposed. *See Boos*, 329 F.3d at 910 (comparing cases). In *Boos*, we did not have to reach the issue "because the evidence against Boos support[ed] a finding of guilt even under a clear and convincing evidence standard, making the choice of standard irrelevant." *Id.*

The same is true here. The evidence presented at Mr. Davison's sentencing is sufficient to conclude that, not only is it more likely than not, but it is also highly probable that Mr. Davison personally distributed over 1.5 kilograms of crack cocaine. At Mr. Davison's sentencing, Troy Miller, a fellow drug dealer with Mr. Davison in the Concord area of Gary, Indiana, testified that from the summer of 1999 to the summer of 2001, Mr. Davison sold approximately one ounce (or 28 grams) of cocaine per week, for a total of almost 3 kilograms. *See* Sentencing Transcript (October 23, 2003) at 15-19. Both the quantity of Mr. Davison's sales, as well as the length of time that he was selling, were corroborated by confidential informants; the statements of these

---

[1] Our *Paladino* remand made it unnecessary for us to address these claims when Mr. Davison previously was before this court.

individuals were introduced through the testimony Officer Bradley A. Bookwalter of the Federal Bureau of Investigation. *Id.* at 53-58. Indeed, highly credible evidence introduced at Mr. Davison's trial established that he was selling crack cocaine as early as the summer of 1997. Consequently, it is not only likely, but highly probable, that Mr. Davison distributed in excess of 1.5 kilograms of crack cocaine.

Mr. Davison also submits that the evidence on which the court relied is inherently unreliable because it is based, in part, on witness statements as opposed to live testimony. However, this court previously has "allowed written summaries of an agent's interviews with witnesses and the defendant to be used at sentencing, . . . as well as an agent's testimony based on police reports and other forms of out-of-court testimony." *United States v. Szakacs*, 212 F.3d 344, 352 (7th Cir. 2000) (citations omitted). The statements offered to support Mr. Davison's sentence were internally consistent, were consistent with the live testimony offered by Miller at Mr. Davison's sentencing, and were consistent with the testimony offered at trial concerning Mr. Davison's sales of crack cocaine. The district court therefore did not err in relying on this evidence.

## Conclusion

For the foregoing reasons, the sentence of 360 months' imprisonment imposed by the district court is affirmed.

AFFIRMED