NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2015[*]
Decided February 17, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1907

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:01 CR 98 JM |
| TERRAUN PRICE, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

Federal inmate Terraun Price filed a motion seeking a reduced sentence on the ground that a retroactive amendment to the sentencing guidelines had lowered his imprisonment range. The district court denied the motion, reasoning that the amendment did not benefit Price. He appeals, but we uphold the court's ruling.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

In 2003 a jury found Price guilty of conspiracy to distribute crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and using a telephone to facilitate a drug crime, *id.* § 843(b). Because Price had been a high-level member of Concord Affiliated, a gang that dealt drugs in Gary, Indiana, from 1995 to 2001, the sentencing judge concluded that Price was responsible for "a great deal more than 1.5 kilograms" of crack, which at the time, resulted in a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1) (2002). Upward adjustments for firearms, *see id.* § 2D1.1(b)(1), and for Price's supervisory role, *see id.* § 3B1.1(b), yielded a total offense level of 43. He had a criminal history category of IV. The district court imposed a life sentence. After a limited remand because of *United States v. Booker*, 543 U.S. 220 (2005), we affirmed Price's convictions and sentence. *United States v. Price*, 418 F.3d 771, 786–87 (7th Cir. 2005); *United States v. Price*, 155 F. App'x 899 (7th Cir. 2005).

In 2009 Price moved unsuccessfully for a sentence reduction, *see* 18 U.S.C. § 3582(c)(2), citing retroactive Amendment 713 to the sentencing guidelines. That amendment lowered to 36 the base offense level for 1.5 to 4.5 kilograms, and reserved a base offense level of 38 for quantities of at least 4.5 kilograms. *See* U.S.S.G. app. C, amends. 706, 713 (2007); *United States v. Hall*, 600 F.3d 872, 874 (7th Cir. 2010). The district court denied Price's motion, concluding that Price was responsible for "in excess of 4.5 kilograms," and thus ineligible for a sentence modification. The court relied on *Hall*, 600 F.3d at 876, which explains that at least 16.9 kilograms of crack were sold during the conspiracy, and evidence from Price's sentencing showing that Price was a "high-ranking member" of Concord Affiliated who supplied street-level dealers and provided his home as a place to "cook" powder cocaine into crack. We affirmed the denial of Price's motion. *United States v. Davis*, 682 F.3d 596, 606–07, 617 (7th Cir. 2012).

Then in 2011 the Sentencing Commission again retroactively lowered the base offense levels for most offenses involving crack: At least 8.4 kilograms would yield a 38, while 2.8 to 8.4 kilograms corresponded to a 36. *See* U.S.S.G. app. C, amends. 748, 750 (2011). Price again moved for a sentence reduction under § 3582(c)(2), this time arguing that, although the district court had found him responsible for more than 4.5 kilograms, he was not responsible for 8.4 kilograms or more. He requested that his sentence be reduced to 360 months. The district court denied the motion, relying on Price's presentence report, the adverse ruling in Price's previous § 3582(c)(2) motion, and our decision in *Davis*, 682 F.3d at 617, which summarizes Price's role in the conspiracy. The court concluded, by a preponderance of evidence, that Price was responsible for the entire 16.9 kilograms involved in the conspiracy, and thus ineligible for relief under Amendment 750.

Price first argues that the district court was wrong to hold him responsible for the total 16.9 kilograms of crack attributed to the conspiracy. He contends that the conspiracy started in 1994 and that the government's evidence at trial showed significant quantities of crack distributed by the conspiracy in 1994 and 1995 before he joined. He asserts, correctly, that drugs sold before his participation cannot be characterized as part of his "jointly undertaken criminal activity" and must be excluded in determining his relevant conduct. *See* U.S.S.G. § 1B1.3(a)(1)(B); *United States v. Turner*, 400 F.3d 491, 500 (7th Cir. 2005). But in finding that the conspiracy involved a total of 16.9 kilograms, the district court had disregarded all of the government's evidence of transactions occurring before late 1996. By that time Price had been part of the conspiracy for more than a year, so nothing that happened before he joined was counted against him.

We further understand Price to be arguing that the district court wrongly attributed to him all foreseeable acts of his coconspirators, rather than only the foreseeable acts that arose out of his "jointly undertaken criminal activity." In a letter submitted to us after briefing, *see* FED. R. APP. P. 28(j), he directs our attention to *United States v. Davison*, 761 F.3d 683, 685–86 (7th Cir. 2014), a decision emphasizing that "jointly undertaken criminal activity" under the guidelines might be considerably narrower than conspiracy liability under *Pinkerton v. United States*, 328 U.S. 640, 646–48 (1946).

In *Davison* we concluded that the district court had denied a § 3582(c)(2) motion from one of Price's codefendants without evaluating the scope of that conspirator's jointly undertaken criminal activity. 761 F.3d at 685. That oversight mattered in *Davison* because the particular codefendant's role in the offense was limited and we could not conclude from the record whether the evidence of his participation was enough to make him ineligible for a sentence reduction. *Id.* at 686. In Price's case, the district court did not have the benefit of our guidance in *Davison*, and we cannot tell from the court's decision whether it recognized implicitly the precise meaning of "jointly undertaken criminal activity" in concluding that Price was responsible for the entire 16.9 kilograms of crack. But even if the court did not, the omission is harmless.

We previously have summarized Price's role as a supervisor in Concord Affiliated: He lent his house as a location to cook powder cocaine into crack, served as a lookout and warned the gang's leader about police activity and encroachment on its turf by rival gangs, distributed crack from the leader to street-level dealers, and relayed messages from the street-level dealers back to the leader. *Davis*, 682 F.3d at 617. What we said before leaves no doubt that Price's jointly undertaken criminal activity was as broad

as the conspiracy itself. *See United States v. Salem*, 657 F.3d 560, 564 (7th Cir. 2011) (listing factors relevant to determining scope of jointly undertaken criminal activity, including coordination, knowledge of scheme's scope, and length and degree of defendant's participation).

Finally, we note that, although Price did not qualify for a sentence reduction under Amendment 750, he might benefit from retroactive Amendment 782. *See* U.S.S.G. supp. to app. C, amend. 782 (2014). In its latest order the district court found Price responsible for 16.9 kilograms, and after Amendment 782, that amount of crack corresponds to a base level of 36. *Id.* As provided in 18 U.S.C. § 3582(c)(2), the district court may consider a potential modification under Amendment 782 on Price's motion or its own initiative.

We have considered the remainder of Price's arguments and conclude that none has merit.

AFFIRMED.